# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HANESBRANDS, INC.; HBI BRANDED APPAREL ENTERPRISES, LLC; and HBI BRANDED APPAREL LIMITED, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) Civil Action No. _____ |
| vs. | )<br>) |
| AMERICAN APPAREL, INC. and AMERICAN APPAREL RETAIL, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT
### (Jury Trial Demanded)

Plaintiffs Hanesbrands, Inc., HBI Branded Apparel Enterprises, LLC, and HBI Branded Apparel Limited, Inc. (collectively "Plaintiffs"), state the following for their Complaint against Defendants American Apparel, Inc., and American Apparel Retail, Inc.:

## NATURE OF THE ACTION

1. This is an action at law and in equity for trademark infringement and unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"); unfair competition and deceptive acts and practices in violation of § 75-1.1 *et seq.* of the North Carolina General Statutes; and unfair competition and trademark infringement in violation of the common law of the State of North Carolina.

1

US2000 10267121.2 57651-343008

2. Plaintiffs herein seek damages and/or an accounting of Defendants' profits, and to enjoin Defendants from using, without Plaintiffs' authorization, the federally registered BARELY THERE and BARELYTHERE trademarks, and/or any colorable imitation thereof, on or in connection with lingerie or apparel products, which use by Defendants constitutes trademark infringement and unfair competition under federal and North Carolina law.

## THE PARTIES

3. Plaintiff Hanesbrands, Inc. ("HBI"), is a Maryland corporation with a place of business at 1000 East Hanes Mill Road, Winston-Salem, North Carolina 27105.

4. Plaintiff HBI Branded Apparel Enterprises, LLC ("HBIBAE"), is a Delaware limited liability company with a place of business at 1000 East Hanes Mill Road, Winston-Salem, North Carolina 27105.

5. Plaintiff HBI Branded Apparel Limited, Inc. ("HBIBAL"), is a Delaware corporation with a place of business at 1000 East Hanes Mill Road, Winston-Salem, North Carolina 27105.

6. HBIBAE and HBIBAL are the record owners, by assignment from their predecessors-in-interest, of the registered BARELY THERE and BARELYTHERE trademarks that are at issue in this dispute, which trademarks are identified more specifically below.

7. HBIBAE and HBIBAL are also wholly owned subsidiaries of HBI. In addition to being the parent company of HBIBAE and HBIBAL, HBI is a non-exclusive

licensee, in the United States, of the trademarks, owned by HBIBAE and HBIBAL, that are identified below. (For convenience, and unless the context indicates otherwise, the above-named Plaintiffs, together with any relevant corporate subsidiaries, affiliates and related companies, as well as its predecessors-in-interest to the trademarks that are the subject of this action, will hereinafter be referred to collectively as "Hanesbrands.")

8. Upon information and belief, Defendant American Apparel, Inc. ("AAI"), is a California corporation with a place of business at 747 Warehouse Street, Los Angeles, California 90021.

9. Upon information and belief, Defendant American Apparel Retail, Inc. ("AARI"), is a California corporation with a place of business at 747 Warehouse Street, Los Angeles, California 90021. AARI is registered with the North Carolina Secretary of State to do business in North Carolina. (For convenience, and unless the context indicates otherwise, the above-named Defendants will hereinafter be referred to collectively hereinafter as "American Apparel.")

**JURISDICTION AND VENUE**

10. This court has subject matter jurisdiction pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This Court has subject matter jurisdiction over HBI's related state law claims pursuant to 28 U.S.C. §§ 1332, 1338 and 1367.

11. This Court has personal jurisdiction over American Apparel because, on information and belief, American Apparel does business in this state and has committed

tortious acts in this State, and has otherwise established contacts with this State sufficient to make the exercise of personal jurisdiction proper.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because American Apparel resides in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS COMMON TO ALL CLAIMS

13. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

**Hanesbrands' Rights in the BARELY THERE Marks**

14. At all times material to this Complaint, Hanesbrands has been and is now engaged in the business of the manufacture, sale, distribution and marketing of women's hosiery, intimate apparel and related products.

15. Beginning at least as early as 1952, Hanesbrands adopted and began using various trademarks incorporating the distinctive designation "BARELY THERE." Since that time, Hanesbrands has continuously used trademarks incorporating that designation, or the nearly identical designation "BARELYTHERE," both standing alone and accompanied by other words and distinctive design elements in interstate commerce in the United States for the purpose of identifying Hanesbrands' hosiery, lingerie and apparel products and of distinguishing its goods from the goods of others. (For ease of reference, these trademarks will be referred to collectively hereinafter as the "BARELY THERE Marks.")

16. Hanesbrands owns and maintains the following federal registrations, registered on the Principal Register of the United States Patent and Trademark Office (the "USPTO") for the BARELY THERE Marks, and owns all goodwill associated therewith, for use in connection with the goods and services listed therein:

| MARK | REGISTRATION NO. | GOODS |
| --- | --- | --- |
| BARELY THERE | 579,747 (issued September 8, 1953) | Women's hosiery |
| BARELY THERE | 1,973,373 (issued May 7, 1996) | Lingerie and underwear garments, namely girdles, panties, control briefs, and brassieres |
| BARELYTHERE | 2,465,357 (issued July 3, 2001) | Panties, bras, shapewear, namely, thigh shapers, body briefers, body suits, all-in-ones, briefs and girdles |
| BARELYTHERE | 2,410,876 (issued December 5, 2000) | Tank tops, tube tops, crop tops, bodysuits, bandeaus, cropped tank tops and camisoles |

17. As noted above, women's "body suits" are among the goods for which Hanesbrands has registered its BARELY THERE Marks and in connection with which Hanesbrands uses the BARELY THERE Marks.

18. The aforementioned registrations for the BARELY THERE Marks remain valid, subsisting and uncancelled, and all of these registrations have become incontestable by virtue of long and continuous use. In addition, in accordance with 15 U.S.C. § 1111, the BARELY THERE Marks are, and have been, displayed on

Hanesbrands' products, and/or on the packaging for such products, accompanied by the notation "®" to provide notice that these Marks are federally registered.

19. Hanesbrands has extensively advertised and promoted its women's hosiery, lingerie and apparel products that are sold under the BARELY THERE Marks throughout the United States by means of various media, including but not limited to television, the Internet, newspapers, magazines and direct mail.

20. As a consequence of Hanesbrands' long and continuous use throughout the United States of the BARELY THERE Marks, the consuming public and the trade have come to recognize, and do recognize, the BARELY THERE Marks as being used by Hanesbrands or by a single source, and to associate and identify these Marks with Hanesbrands or with a single source. Hanesbrands derives substantial goodwill and value from this identification by the consuming public and the trade.

**American Apparel's Unlawful Conduct**

21. Upon information and belief, American Apparel is a manufacturer, distributor, and retailer of apparel products.

22. Upon information and belief, American Apparel's apparel products are sold throughout the United States.

23. Long after Hanesbrands adopted and began using the BARELY THERE Marks in connection with women's hosiery, lingerie and apparel products (including bodysuits), and without Hanesbrands' permission or authorization, American Apparel began using, in interstate commerce and as a mark, the identical designation "BARELY

6

THERE" in connection with the advertising and promotion of a competing women's bodysuit product.

24. Specifically, American Apparel has advertised its BARELY THERE products through a national print advertising campaign, as well as on the Internet. A true and accurate copy of one such print advertisement, appearing on the back cover of the June 11, 2007 edition of the magazine *In Touch Weekly*, is attached hereto as Exhibit 1. *In Touch Weekly* magazine is, upon information and belief, a nationally distributed publication, with circulation in, among other places, Winston-Salem, North Carolina.

25. American Apparel also maintains a website at the domain name <www.americanapparel.net> and features its BARELY THERE bodysuit products on the homepage of this website. The website contains images of young-looking, waif-like models scantily clad in American Apparel's products, including the BARELY THERE bodysuit. True and accurate copies of certain web pages available at <www.americanapparel.net>, and which advertise American Apparel's BARELY THERE bodysuit, are attached hereto as Exhibit 2.

26. American Apparel's BARELY THERE bodysuit is available for purchase at, among other places, American Apparel's retail store in Charlotte, North Carolina, and via American Apparel's online store on the Internet from any location in the United States, including Winston-Salem, North Carolina.

27. Upon information and belief, even a cursory, preliminary trademark clearance search of the designations "BARELY THERE" and/or "BARELYTHERE"

7

would have revealed Hanesbrands' registrations for, and use, of the BARELY THERE Marks for identical products to those on which American Apparel has used its BARELY THERE Marks.

28. Upon information and belief, American Apparel's infringing conduct has been undertaken willfully and with reckless disregard of Hanesbrands' senior rights in the BARELY THERE Marks.

**FIRST CLAIM FOR RELIEF**
**(Infringement of Federally Registered BARELY THERE Marks)**

29. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

30. American Apparel's unauthorized use of the trademark BARELY THERE is likely to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of American Apparel's products. The trade and consuming public are likely to believe that said products of American Apparel originate from Hanesbrands or from the same source as women's hosiery, lingerie and apparel products bearing the BARELY THERE Marks, or that there is some connection between the makers of Hanesbrands' BARELY THERE products on the one hand and Defendants' BARELY THERE products on the other.

31. By its unauthorized use of the BARELY THERE Marks for products that are identical to those for which Hanesbrands owns valid and incontestable federal registration, and in connection with which Hanesbrands uses the BARELY THERE

US2000 10267121.2 57651-343008

Marks, American Apparel has infringed, and is infringing, the federally registered BARELY THERE Marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

32. As a direct and proximate result of American Apparel's unlawful conduct, as herein alleged, Hanesbrands has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill. Moreover, American Apparel's conduct will cause Hanesbrands to lose sales to which it otherwise would be entitled, unless and until such activity is enjoined by this Court.

33. American Apparel's conduct is causing, and is likely to continue to cause, injury to the public and to Hanesbrands, and Hanesbrands is entitled to injunctive relief and to recover Hanesbrands' actual damages and/or an award of American Apparel's profits, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
(Federal Unfair Competition and False Designation of Origin)

34. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

35. American Apparel's unauthorized use of the designation BARELY THERE, as herein alleged, constitutes a false designation of origin, and a false description and false representation regarding the source, affiliation, or sponsorship of American Apparel's products, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125.

9
US2000 10267121.2 57651-343008

Case 1:07-cv-00662-UA-RAE    Document 2    Filed 09/04/2007    Page 9 of 14

36. As a direct and proximate result of American Apparel's unlawful conduct, as herein alleged, Hanesbrands has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill. Moreover, American Apparel's conduct will cause Hanesbrands to lose sales to which it otherwise would be entitled, unless and until such activity is enjoined by this Court.

37. American Apparel's conduct is causing, and is likely to continue to cause, injury to the public and to Hanesbrands, and Hanesbrands is entitled to injunctive relief and to recover Hanesbrands' actual damages and/or an award of American Apparel's profits, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF
**(Deceptive Acts or Practices and Unfair Competition under North Carolina Law)**

38. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

39. American Apparel's unauthorized use in commerce of the designation BARELY THERE, as herein alleged, constitutes unfair methods of competition and unfair or deceptive acts or practices in or affecting North Carolina commerce, as defined by N.C. Gen. Stat. 75-1.1, *et seq.*

10

US2000 10267121.2 57651-343008

40. American Apparel's conduct, as herein alleged, has proximately caused damage to, and will continue to damage, Hanesbrands' goodwill and reputation with the public, and has resulted in an illicit gain or profit to American Apparel.

41. As a direct and proximate result of American Apparel's unlawful conduct, as herein alleged, Hanesbrands has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill. Moreover, American Apparel's conduct will cause Hanesbrands to lose sales to which it otherwise would be entitled, unless and until such activity is enjoined by this Court.

42. American Apparel's conduct is causing, and is likely to continue to cause, injury to the public and to Hanesbrands, and Hanesbrands is entitled to injunctive relief and treble damages pursuant to N.C. Gen Stat. §§ 75-1.1(a) and 75-16.

## FOURTH CLAIM FOR RELIEF
**(Common Law Unfair Competition)**

43. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

44. American Apparel's conduct, as alleged herein, constitutes trademark infringement and unfair competition, in violation of the common law of the State of North Carolina.

45. As a direct and proximate result of American Apparel's unlawful conduct, as herein alleged, Hanesbrands has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable

US2000 10267121.2 57651-343008

injury and harm to its business, reputation and customer goodwill. Moreover, American Apparel's conduct will cause Hanesbrands to lose sales to which it otherwise would be entitled, unless and until such activity is enjoined by this Court.

46. American Apparel's conduct is causing, and is likely to continue to cause, injury to the public and to Hanesbrands, and Hanesbrands is entitled to injunctive relief and to recover Hanesbrands actual damages and/or an award of American Apparel's profits, costs and reasonable attorneys' fees.

**WHEREFORE,** Plaintiffs pray the Court as follows:

1. That the Court permanently restrain and enjoin American Apparel, and their agents, servants, employees, attorneys and other person in active concert or participation with American Apparel, from any and all further unauthorized use of the designation "BARELY THERE," and any other colorable imitation of the BARELY THERE Marks as a trademark, trade name, or other attention-getting device or triggering mechanism in connection with the sale or offering for sale of American Apparel's products, including the destruction of all advertising and promotional materials bearing any colorable imitation of the BARELY THERE Marks;

2. That Plaintiffs have and recover of American Apparel such actual damages as Plaintiffs may prove at trial and/or that American Apparel account to Plaintiffs for all amounts received as a direct and proximate result of American Apparel's unlawful conduct, and all of American Apparel's profits derived therefrom;

3. That such damages or profits to which Plaintiffs are entitled be trebled pursuant to 15 U.S.C. § 1117 and N.C. Gen. Stat. 75-1.1 *et seq*.;

4. That costs of this action, including a reasonable attorneys' fee for Plaintiffs' attorneys, be taxed against American Apparel;

5. That Plaintiffs be awarded pre- and post-judgment interest;

6. That Plaintiffs have and receive a trial by jury on all issues so triable; and

7. That the Court grant Plaintiffs such other and further relief, both general and specific, as the Court may deem just and proper.

US2000 10267121.2 57651-343008

This the 4th day of September, 2007.

Respectfully submitted,

**/s/ William M. Bryner**
William M. Bryner, Esq.
 N.C. State Bar No. 23022
Laura C. Miller, Esq.
 N.C. State Bar No. 34103
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101
Phone:  (336) 607-7300
Fax:  (336) 607-7500
E-mail:  wbryner@kilpatrickstockton.com
  lamiller@kilpatrickstockton.com

Attorneys for the Plaintiffs